**EBD**
ERNST | BROWN | DRAPER

Thomas Brown (031017)
Ernst, Brown & Draper, PLLC
3303 E. Baseline Road, Suite 101A
Gilbert, AZ 85234
tbrown@ebdlawyers.com
602-324-9644
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLINTON LEWIS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWELLNESS, LLC, an Arizona limited liability company; and TYLER SOUTHWELL and JASMINE SOUTHWELL, <br><br> Defendant(s). | Case No: <br><br> **COMPLAINT** |

Plaintiff Clinton Lewis ("Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

## NATURE OF THE CASE

1. This case arises out of unlawful employment practices. Plaintiff brings this action against Defendants Southwellness, LLC, Tyler Southwell and Jasmine Southwell ("Defendant(s)") for their

unlawful failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. and its unlawful failure to pay all wages owed in violation of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq*. ("Arizona Wage Statute" or "AWS").

2. This action is brought to recover overtime compensation, liquidated damages, treble damages, prejudgment interest, reasonable attorneys' fees, and statutory penalties resulting from Defendant's violations of FLSA and AWS.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. §§ 215(a)(3) & 216(b).

4. This Court has pendent jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant Southwellness, LLC ("Southwellness") because it is an Arizona limited liability company located within the District and because it regularly transacts business in and has significant and continuous contact with this District.

6. This Court has personal jurisdiction over Defendant Tyler Southwell because, upon information and belief, he resides in the District and regularly transacts business in and has significant and continuous contact with this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in Maricopa County, Arizona.

**PARTIES**

8.      Plaintiff, at all relevant times to the matters alleged herein, is an individual and resident of Maricopa County, Arizona.

9.      Defendant Southwellness, LLC is a business that provides a wide range of medical care for patients and is located at 10585 N Tatum Blvd, Paradise Valley, Arizona.

10.     Defendant Tyler Southwell is an Arizona resident and is listed in filings with the Arizona Corporation Commission as the member of Southwellness.

11.     Upon information, Defendant Jasmine Southwell is the spouse of Defendant Tyler Southwell and is joined in this action for the purpose of joining the marital community of Tyler Southwell.

12.     At all relevant times, Plaintiff was an employee of each Defendant within the meaning of 29 U.S.C. § 203(e).

13.     At all relevant times, Plaintiff was an employee of each Defendant within the meaning of A.R.S. § 23-350.

14.     Each Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(a) & (d).

15.     Each Defendant was Plaintiff's employer within the meaning of A.R.S. § 23-350.

16.     Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020, 2021, and 2022.

**COLLECTIVE ACTION ALLEGATIONS**

3

17. Plaintiff brings the FLSA claims on behalf of himself, and all similarly situated Medical Assistants or those with substantially the same duties and responsibilities as Medical Assistants who work or have worked for Defendants since September 2019 who elect to opt in to the FLSA claims asserted in this action ("Collective Members").

18. Plaintiff, on behalf of himself and all Collective Members who have not been properly classified as employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay overtime and wages for all hours worked under FLSA.

19. Plaintiff and the Collective Members are similarly situated in that their employment status is misclassified as they are not appropriately classified or compensated as employees of Defendants.

20. Plaintiff and the Collective Members are similarly situated in that they perform the same or similar duties, responsibilities, and activities.

21. Plaintiff and the Collective Members are similarly situated in that they are subject to the same or similar policies and procedures of the Defendants.

22. Plaintiff and the Collective Members are similarly situated in that they each have been harmed by Defendants' failure to compensate them according to FLSA.

23. Defendants' FLSA violations for failure to properly compensate Plaintiff and Collective Members is caused by Defendants' standard policies and business practices that are applicable to Plaintiff and the Collective Members.

24. Defendants' overtime and minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Collective Members regularly were not paid the proper overtime and minimum wage.

25. Defendants' failure to pay overtime and minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the Collective Members. Plaintiff's experience is typical of the experience of the Collective Members.

**FACTUAL ALLEGATIONS**

26. Plaintiff began working for Southwellness as a Medical Assistant on July 6, 2020, and had a continuous and ongoing relationship working for Southwellness until he was terminated on August 15, 2022.

27. As a Medical Assistant, Plaintiff's job duties included performing various clinical and medical duties.

28. While working for Defendants, Plaintiff regularly worked for over forty hours per week.

29. Defendants hired Plaintiff to work for Southwellness.

30. Upon information and belief, Defendants misclassified Plaintiff's employment relationship with Southwellness as an independent contractor relationship in an attempt to avoid the obligations under FLSA.

31. Upon information, and at all times relevant, Defendant Southwellness has possessed and exercised direct and/or indirect managerial and operational control as well as oversight and direction over workers including the Plaintiffs including, but limited to, having and exercising authority to fire workers, having and exercising the authority to hire workers, assigning work to be performed, and directing the distribution of cash payments including wages paid to workers including the Plaintiff.

32. Upon information, and at all times relevant, Defendant Mr. Southwell has possessed and exercised direct and/or indirect managerial and operational control as well as oversight and direction over Defendant Southwellness including, but limited to, having and exercising authority to fire workers, having and exercising the authority to hire workers, assigning work to be performed, and directing the distribution of cash payments and other assets of Defendant Southwellness.

33. While working for Defendant Southwellness, LLC, Plaintiff was paid hourly and was paid at a rate of $25.00 an hour.

34. During his employment, Plaintiff worked many weeks in excess of forty per week.

35. Plaintiff never received additional compensation for working overtime.

36. Upon information and belief, Defendants knew that Plaintiff was not receiving the corresponding overtime rate when he worked more than 40 hours in a work week.

37. On August 15, 2022, Defendants terminated Plaintiffs employment relationship.

38. Defendant Tyler Southwell acted in the interest of Defendant Southwellness and is subject to individual and personal liability under FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME

39. Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

40. Defendants were Plaintiff's employer as defined by 29 U.S.C. § 203(a) & (d) and was required to compensate Plaintiff one and one-half times his regular hourly rate of pay for each hour worked in excess of forty hours per workweek.

41. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020, 2021, and 2022.

42. Plaintiff regularly worked in excess of forty hours per workweek.

43. The pay practices of Defendants, as described in the above paragraphs, violate the FLSA by failing to properly pay overtime to Plaintiffs.

44. Defendant's violations of the FLSA are willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

45. Because of Defendants' willful and unlawful acts, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiffs have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

46. Under FLSA, Plaintiff is entitled to liquidated damages in an amount equal to the wages Plaintiffs are owed as unpaid overtime.

47. As a result of Defendants' unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

48. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

## COUNT II

## VIOLATION OF ARIZONA'S WAGE ACT

49. Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

50. At all times relevant to this action, Plaintiff was an employee and Defendants were and are each an employer of Plaintiffs within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

51. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

52. As set forth above, the FLSA requires that Plaintiff be paid overtime wages for all hours worked in excess of forty hours per week. Defendant violated Ariz. Rev. Stat. § 23-351 by failing to pay wages and overtime due Plaintiff for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. § 23-351.

53. Defendants did not pay Plaintiff wages owed for overtime work performed during his employment with Defendant Southwellness, LLC.

54. As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiff is entitled to an award of the unpaid wages, with prejudgment-interest thereon, and is entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. § 23-355.

55. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that judgment be entered against Defendants and that the Court award the following relief including but not limited to:

A. An Order declaring that Defendants have violated the FLSA;

B. An Order declaring that Defendants have violated Arizona's Wage Act;

C. An Order awarding, declaring or otherwise providing Plaintiff all other such injunctive, equitable and legal relief to which Plaintiff is or may be entitled whether or not specified herein;

D. Judgment for Plaintiff against Defendants for the overtime payments due him for the hours worked by him without proper compensation as set forth in 29 U.S.C. § 216(b);

E. Judgment for Plaintiff against Defendants for liquidated damages as set forth in 29 U.S.C. § 216(b);

F. Judgment for Plaintiff against Defendants for treble damages as set forth in Ariz. Rev. Stat. § 23-355;

G. An Order awarding Plaintiff reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. § 23-355;

H. Any and all other legal and equitable relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of October 2022.

/s/Thomas Brown
Thomas Brown
*Attorney for Plaintiff*

ORIGINAL of the foregoing E-filed
This 20th day of October 2022, with:

CM/ECF
In the United States District Court
for the County of Arizona